16-3232
*Lin v. Sessions*

BIA
Hom, IJ
A205 429 457

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of May, two thousand eighteen.

PRESENT:
RALPH K. WINTER,
RICHARD C. WESLEY,
CHRISTOPHER F. DRONEY,
        *Circuit Judges.*
_____

RUQING LIN,
        *Petitioner,*

        v.                                    16-3232
                                              NAC
JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Troy Nader Moslemi, Flushing, NY.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant
                       Attorney General; Douglas E.
                       Ginsburg, Assistant Director;

Deitz P. Lefort, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED in part and DENIED in part.

Petitioner Ruqing Lin, a native and citizen of the People's Republic of China, seeks review of an August 25, 2016, decision of the BIA affirming a March 16, 2015, decision of an Immigration Judge ("IJ") denying Lin's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Ruqing Lin,* No. A 205 429 457 (B.I.A. Aug. 25, 2016), *aff'g* No. A 205 429 457 (Immig. Ct. N.Y. City Mar. 16, 2015). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We have reviewed the IJ's decision as modified by the BIA. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review

2

are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

**I.   Timeliness of the Asylum Application**

An asylum applicant must demonstrate "by clear and convincing evidence that the application has been filed within 1 year after the date of the alien's arrival in the United States," or must demonstrate "either the existence of changed circumstances which materially affect the applicant's eligibility or extraordinary circumstances relating to the delay in filing an application." 8 U.S.C. § 1158(a)(2)(B), (D). Our jurisdiction to review the agency's finding that an application was untimely is limited to "constitutional claims or questions of law." *Id.* §§ 1158(a)(3), 1252(a)(2)(D); *Joaquin-Porras v. Gonzales*, 435 F.3d 172, 177-78 (2d Cir. 2006).

We dismiss the petition as to asylum for lack of jurisdiction. Lin had to prove timeliness by clear and convincing evidence. 8 U.S.C. § 1158(a)(2)(B). Her only evidence other than her testimony was a letter from a witness who did not appear and whose reliability was called into

3

question because of attorney fraud and documents that were self-created or unsigned. The IJ has the authority to determine the weight assigned to each piece of evidence, *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006), and Lin does not identify any error of law in the IJ's conclusions, but merely challenges the IJ's factual determinations, which we lack jurisdiction to review. *See Joaquin-Porras*, 435 F.3d at 180.

**II. Burden of Proof: Withholding of Removal and CAT Relief**

An applicant has the burden of proving eligibility for relief. 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(C). Although testimony alone may be enough in some circumstances, an IJ "may weigh the credible testimony along with other evidence of record." *Id*. § 1158(b)(1)(B)(ii). "We generally defer to the agency's evaluation of the weight to be afforded an applicant's documentary evidence." *Y.C. v. Holder*, 741 F.3d 324, 332 (2d Cir. 2013). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must

4

be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." 8 U.S.C. § 1158(b)(1)(B)(ii); *see Chuilu Liu v. Holder*, 575 F.3d 193, 198 n.5 (2d Cir. 2009) ("[A] failure to corroborate can suffice, without more, to support a finding that an alien has not met [her] burden of proof."). We cannot reverse the agency's corroboration finding unless a reasonable trier of fact would be "compelled to conclude that such corroborating evidence is unavailable." 8 U.S.C. § 1252(b)(4).

We find no error in the agency's conclusion that Lin did not submit sufficiently reliable documentation to corroborate her abortion claim. She argues that her credible testimony, her medical booklet, a fine receipt, a letter from her former employer, and the supporting statements from her mother and aunt were sufficient by themselves to sustain her burden. The agency reasonably gave little weight to the medical booklet because it was a self-kept medical record lacking indicia of reliability, such as any certification from a doctor or hospital that the record was accurate. *See Y.C.*, 741 F.3d at 334. Additionally, the letters from Lin's mother

5

and aunt were appropriately accorded little evidentiary value because they were unsworn and written by interested witnesses who were unavailable for cross-examination. *Id.* (deferring to agency's decision declining to credit letter from applicant's spouse); *Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209, 214-15 & n.5 (B.I.A. 2010) (according limited weight to unauthenticated documents and to letters from friends and family who are interested witnesses and who are not subject to cross examination), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012).

Similarly, the agency did not err in assigning little weight to a fine receipt, which purportedly reflected a fine for an illegal pregnancy, but did not reference an abortion. *Y.C.*, 741 F.3d at 334. Nor did the IJ err in affording little evidentiary weight to an unsigned and unsworn letter, purportedly from Lin's former employer, informing her of her termination from the company, which also did not refer to an abortion. *Id.; Matter of H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. at 214-15. Finally, the IJ was permitted to rely on the fact that Lin did not submit an affidavit from her former boyfriend

6

or present any evidence of their relationship. *Chuilu Liu*, 575 F.3d at 198 ("the alien bears the ultimate burden of introducing such evidence without prompting from the IJ."). Accordingly, the agency reasonably concluded that Lin failed to meet her burden of proof.[1]  8 U.S.C. § 1158(b)(1)(B)(ii).

Lin's failure to meet her burden of proving past persecution is dispositive because her asylum, withholding of removal, and CAT claims all relied on the allegation of past harm.  *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DISMISSED in part and DENIED in part.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is

---

[1] The BIA did not rely on the IJ's finding that Lin should have attempted to obtain an abortion certificate, so that determination is not before us.  *Xue Hong Yang*, 426 F.3d at 522.  Moreover, as the BIA found, such a certificate may actually undermine a claim of a forced abortion. *See, e.g.*, *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263 (2d Cir. 2007).

DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court